# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JOSEPH GABRIEL WIREMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17CV00019 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,** | ) ) ) ) | By: James P. Jones<br>United States District Judge |
| | ) | |
| Defendant. | ) | |

*Vernon M. Williams, Wolfe, Williams & Reynolds, Norton, Virginia, for Plaintiff; Theresa A. Casey, Special Assistant United States Attorney, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

The Acting Commissioner of Social Security ("Commissioner") has filed objections to the Report and Recommendation ("Report") of the magistrate judge recommending that the plaintiff's disability claims be remanded to the Commissioner. For the reasons that follow, I will overrule the defendant's objections, adopt the Report, deny both parties' Motions for Summary Judgment, and remand the case to the Commissioner for further development.

I.

The plaintiff, Joseph Gabriel Wireman, seeks disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act ("Act"). Following a hearing and decision by an administrative law

judge ("ALJ"), his claims were denied and he thereafter filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), requesting review of the Commissioner's decision. The case was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed her detailed Report on May 10, 2018, and the Commissioner filed timely objections on May 22, 2018. Those objections are now before me for de novo determination.[1]

Wireman is now 50 years old, but as of the alleged disability onset date of October 27, 2012,[2] he was a younger individual. He has a history of colon cancer. As a lingering effect of his cancer treatment and surgery, he experiences episodes of abdominal discomfort, constipation, and diarrhea. He also claims back pain and joint pain that worsen with movement.

Wireman previously drove a coal truck, which requires a medium level of exertion. The ALJ found that his residual functional capacity ("RFC") renders him unable to perform that work, but that he can perform sedentary work with some additional limitations. The ALJ concluded, based on Wireman's RFC and

---

[1] A party may respond to objections to a magistrate judge's recommended disposition within 14 days, Fed. R. Civ. P. 72(b)(2), but no such response has been filed in this case.

[2] The alleged onset date is the date on which Wireman was laid off from his truck driving job. He testified that he was laid off due to lack of work and not because of his health problems.

vocational expert testimony, that Wireman is able to perform several jobs that exist in significant numbers in the regional and national economy.

II.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The plaintiff's appeal and the defendant's objections to the Report involve the ALJ's formulation of Wireman's RFC. The plaintiff contends that in determining the RFC, the ALJ failed to properly consider the two examining source opinions, those of Kevin Blackwell, D.O., and Sung-Joon Cho, M.D. The ALJ stated that he afforded these opinions some weight, but he ultimately found that Wireman had fewer limitations than either physician had determined. He did

not expressly explain why he had rejected Dr. Blackwell's kneeling limitation[3] and Dr. Cho's general reaching limitation. The ALJ found that Wireman could occasionally kneel, while Blackwell had stated that Wireman would need to avoid kneeling. The ALJ did not mention Dr. Cho's statement that Wireman could only occasionally reach.

In her Report, the magistrate judge noted that "it appears that the ALJ intended to give Dr. Blackwell's postural limitations controlling weight." R. & R. 15, ECF No. 17. "Nonetheless, the ALJ found that Wireman could occasionally operate foot controls and kneel," while Dr. Blackwell restricted these activities. *Id.* at 16. The magistrate judge pointed out that despite stating that Dr. Blackwell's push-pull and postural limitations were reasonably necessary, the ALJ did not include those limitations in his RFC. Moreover, "the ALJ specifically rejected the state agency medical consultant's physical assessment and the portion of Dr. Cho's physical assessment stating that Wireman could occasionally kneel." *Id.* at 17. Based on these inconsistencies, the magistrate judge recommended denying both parties' Motions for Summary Judgment and remanding the case for further development.

---

[3] The plaintiff also argues that the ALJ disregarded Dr. Blackwell's squatting limitation, but as the defendant correctly notes, the ALJ found that the plaintiff can never crouch, and squatting is simply a synonym for crouching.

In her objections, the defendant argues that Dr. Blackwell did not outright prohibit kneeling and foot pedal operating, but merely stated that Wireman should avoid those activities. According to the defendant, avoiding an activity is tantamount to performing the activity only occasionally. The ALJ, however, did not offer any such explanation of his findings, and it was his obligation to fully analyze Dr. Blackwell's opinion and adequately explain the weight he gave to it.

The defendant argues that any such error was harmless because even if the ALJ had found that Wireman could never kneel or use foot controls, two of the jobs identified by the vocational expert do not require either of those activities. However, that argument does not account for the ALJ's unexplained rejection of Dr. Cho's general reaching limitation. The ALJ, in accord with Dr. Blackwell, found that Wireman could reach overhead only occasionally, but he did not find any limitation in terms of other reaching. Dr. Cho, on the other hand, had indicated that Wireman could perform all other reaching only occasionally due to his chronic back pain and limited shoulder abduction. The ALJ noted this limitation in passing but did not explain why he declined to adopt it.[4] One of the vocational experts testified that a limitation on general reaching would preclude the

---

[4] Elsewhere in his decision, the ALJ expressed his skepticism about Wireman's alleged shoulder problem, noting the lack of record evidence regarding that issue. Nevertheless, he did not expressly state that he was rejecting Dr. Cho's general reaching prohibition or otherwise explain why he did not adopt that limitation.

plaintiff from performing any unskilled sedentary work. Therefore, the ALJ's failure to address this limitation cannot be considered harmless error.

III.

Accordingly, after careful review of the record, I will overrule the defendant's objection, adopt the magistrate judge's Report, and remand the case for further development. A separate judgment will be entered forthwith.

DATED: July 10, 2018

/s/ James P. Jones
United States District Judge